SO ORDERED: May 15, 2006.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JENA KAY FARR, | )   CASE NO. 05-19810-AJM-7A |
| | ) |
| Debtor. | ) |

### ORDER DIRECTING DEBTOR
### TO TURN OVER FUNDS

Comes now the Court and having heard the arguments of the Trustee, Paul D. Gresk, and counsel for the Debtor, Christopher Holmes, on May 11, 2006 with respect to the Trustee's Motion for Turn Over concerning certain sums of money held in the Debtor's bank account as of the date that the Debtor's petition was filed, September 21, 2005, the Court now finds as follows:

1. Counsel for the Debtor argued that Indiana's Wage Garnishment Statute should apply to the funds held by the Debtor in her bank account as of the date of the

petition and cited to the Court the unpublished opinion of Judge James K. Coachys of *In re Bubb* [1] which held that wages being held by a third party and not yet paid to the Debtor were subject to the Indiana Wage Garnishment Statute and therefore only that portion of any unpaid wages as set forth in said statute could be garnished by the Trustee. Counsel for the Debtor also cited *In re Irish*, 311 B.R. 63 (8th Cir. BAP 2004) which held that wages held by a third party would be subject to the provisions of the Iowa Garnishment Statute.

2. As stated in this Court's opinion of *In re Clark*, [2] "[t]he Court here need not reach the question of whether *Bubb* should be revisited or whether Indiana's Wage Garnishment Statute may be claimed in bankruptcy, because that statute simply doesn't apply here. In *Bubb*, the wages had yet to be paid to the Debtor; here the Debtors received and continue to hold their wages."

3. As stated by the Court during the May 11th hearing, the Wage Garnishment Statute does not apply to funds that have already been paid to the Debtor. The Wage Garnishment Statutes only apply to funds held by a third party that have not yet been paid to the Debtor. Consequently, the cases cited by counsel for the Debtor do not apply in this case and, save for the amount of money that can be claimed as an exemption by the Debtor, the funds held by the Debtor as of the petition date must be turned over to the Trustee.

WHEREFORE, the Court hereby finds that all funds held in Debtor's bank account as of

---

[1] *In re Bubb*, Case No. 02-05321-JKC-7 (entry of October 4, 2002).

[2] *In re Clark*, Case No. 04-10918-AJM-7A (entry of August 9, 2005).

the date of the petition, less any amounts claimed as an exemption with respect to those funds, should be turned over to the Trustee, Paul D. Gresk, within fifteen (15) days from the date of this order.

# # #

Distribution:

Christopher Holmes, Counsel for Debtor
Paul D. Gresk, Chapter 7 Trustee
Nancy J. Gargula, United States Trustee